IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

    Plaintiff,

vs.                                                    1:12-cv-00294 JB/RHS

MATTHEW VOLLMER,
an Officer of the Albuquerque
Police Department, Individually,

D. FOX,
an Officer of the Albuquerque
Police Department, Individually,

CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 1: EXCLUSION OF TESTIMONY AND EVIDENCE THAT CLAIMS PLAINTIFF VIOLATED NMSA § 30-22-1**

**COME NOW**, Defendants Matthew Vollmer, D. Fox and the City of Albuquerque, by and through Assistant City Attorney Kristin J. Dalton, and respectfully respond in opposition to Plaintiff's Motion in Limine No. 1: Exclusion of Testimony and Evidence that Claims Plaintiff Violated NMSA § 30-22-1. [Doc. 32]  In support of their Response, Defendants state as follows:

**INTRODUCTION**

Plaintiff seeks to exclude evidence, argument, opinions or other testimony that Plaintiff's arrest and detention was justified by a violation of NMSA 1978, § 30-22-1.  As grounds for this request, Plaintiff states that he did not "resist" arrest because he had not

violated the statute criminalizing resisting arrest.  [Doc. 32, pg. 1]  As support for this argument, Plaintiff states, without factual support from this case, that the Defendant officers were not in the lawful discharge of their duties at the time of Plaintiff's arrest.  Plaintiff supports this position with citation to three criminal cases from the state courts in New Mexico in the court determined that the officers involved did not have reasonable suspicion to stop and detain the citizens involved.  [Doc. 32, pgs. 2-3]  In short, Plaintiff's motion improperly seeks a ruling from this Court that the Defendant officers' conduct was unlawful.

        Plaintiff's argument fails at its outset because Plaintiff fails to address the purpose of the officers' presence at 1111 Major NW in the first instance.  This is an issue of primary importance in this case.  Plaintiff's argument pre-supposes that the encounter between Plaintiff and Officer Vollmer (the first responding officer) was consensual.  Plaintiff also fails to address the officers' right to detain Plaintiff in the face of information received by them pursuant to the 911 call made by Sarah Lane at 1111 Major NW, compounded by Plaintiff's flight from officers.  In this case, the responding officers had the lawful authority and reasonable articulable suspicion of criminal activity based on the 911 call to conduct an investigatory stop of Plaintiff.  When Plaintiff fled from Officer Vollmer as Officer Vollmer was attempting to investigate, the officers had probable cause to detain and arrest Plaintiff for violation of Section 30-22-1, *inter alia*.  Thus, evidence concerning Section 30-22-1 is directly at issue in this case and would be properly admitted.

# **ARGUMENT**

In his motion, Plaintiff entirely failed to address the purpose behind the defendant officers' response to 1111 Major Ave NW.  Plaintiff both starts and finishes his argument that no evidence concerning Section 30-22-1 should be admitted with the premise that he was lawfully at 1111 Major Ave. NW and therefore, officers had no right to detain him.  This, however, is a question for the jury and for that reason alone, this Court may deny Plaintiff's motion.  Plaintiff has never sought nor received summary judgment on that issue and it is now a question to be decided at trial.

Moreover, Plaintiff failed to address the whole statute at issue.  Section 30-22-1 states as follows:

> Resisting, evading or obstructing an officer consists of:
>
> A. knowingly obstructing, resisting or opposing any officer of this state or any other duly authorized person serving or attempting to serve or execute any process or any rule or order of any of the courts of this state or any other judicial writ or process;
>
> B. ***intentionally fleeing, attempting to evade or evading an officer of this state*** when the person committing the act of fleeing, attempting to evade or evasion has   knowledge that the officer is attempting to apprehend or arrest him;
>
> C. willfully refusing to bring a vehicle to a stop when given a visual or audible signal to stop, whether by hand, voice, emergency light, flashing light, siren or other signal, by a uniformed officer in an appropriately marked police vehicle; or
>
> D. resisting or abusing any judge, magistrate or peace officer in the lawful  discharge of his duties.
>
> Whoever commits resisting, evading or obstructing an officer is guilty of a misdemeanor.

*Id.* (emphasis added).

The Defendant officers in this case had reasonable suspicion, based on articulable facts, in which to detain Plaintiff.  In *Oliver v. Woods*, 209 F.3d 1179 (10th Cir. 2000), the Tenth Circuit reiterated the well-established standard that "the police can stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."  *Id.* at 1186 (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)).  Moreover, "[w]hen an officer has stopped a person based on reasonable suspicion of criminal activity, the officer may briefly detain the individual 'in order to determine his identity or maintain the status quo momentarily while obtaining more information.'"  *Oliver*, 209 F.3d at 1186 (quoting *Adams v. Williams*, 407 U.S. 143, 146 (1972)).  In this case, the Officer Vollmer was attempting to detain Plaintiff to investigate the substance of the 911 call when Plaintiff fled from him.

Defendants in this case have already set forth the reasonable, articulable suspicion that they had that criminal activity "may be afoot."  *Id.* [*See* Defendants' Motion to Dismiss, Doc. 19]  Moreover, Officers Vollmer and Fox set forth in their affidavits, attached to the Motion to Dismiss as exhibits, the following facts: They were dispatched to 1111 Major Ave. NW in reference to a male subject, identified as Justin Maples, causing a disturbance on the property.  [Docs. 19-1, 19-2]  They also received information that the 911 caller stated that Mr. Maples was a suicide threat, had just been released from UNMH and was attempting to gain unlawful access to the home.  [*Id.*]  Additionally, the call was made a Priority 1 call and called for an emergency response.

At the time Officer Vollmer made contact with Plaintiff, Plaintiff ran from Officer Vollmer, thereby giving Officer Vollmer probable cause to believe Plaintiff had

committed the offense of resisting a peace officer in the lawful discharge of his duties. *See* Section 30-22-1. As described above, Officer Vollmer was lawfully attempting to detain Plaintiff to for investigative purposes; namely, to determine whether any criminal activity was afoot. *See Oliver*, 209 F.3d at 1186. Plaintiff resisted Officer Vollmer's attempt to briefly detain him by fleeing. [Doc. 19-5, Maples depo. 51:14-22]

Moreover, Plaintiff's flight alone created reasonable suspicion for the defendant officers to conduct an investigatory detention of Plaintiff. *See State v Harbison*, 2007-NMSC-016, ¶ 17, 141 N.M. 392, 156 P.3d 30. In *Harbison*, the New Mexico Supreme Court reiterated the standard that

> when an officer, without reasonable suspicion or probable cause, approaches an individual, the individual has a right to ignore the police and go about his business. Any refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure. ***But unprovoked flight is simple not a mere refusal to cooperate. Flight, by its very nature, is not 'going about one's business; in fact, it is just the opposite.***

*Id.* (quoting *Florida v. Royer*, 460 U.S. 491 (1983)).

The only facts Plaintiff might rely on to refute or defeat the defendant officers reasonable suspicion based on articulable facts is his "version" of events, including his "memory" that he was "home" at 1111 Major Ave., after an evening of smoking weed, making himself a cup of his morning coffee, when the officers arrived for no reason other than setting him up for an arrest. [*See* Doc. 19-5, 41:6-18, 45:12-46:20, 73:9-74:1] Not only are Plaintiff's "facts" false, they are provably so through police reports, ambulance reports, hospital records, 911 transcripts and police dispatch records. [*See* Doc. 19]

In this case, information that was available and within the Defendant officers' knowledge will be probative of Plaintiff's claims of false arrest, false imprisonment,

5

assault, battery and excessive force. *See Graham v. Conner*, 490 U.S. 386, 396-97 (1989) ("[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." (internal quotation marks and citation omitted)); *see also Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (probable cause exists if facts and circumstances within the arresting officer's knowledge of which the officer has reasonably trustworthy information are sufficient to lead a prudent police officer to believe that the person being arrested has committed a crime). Included in this analysis are the crimes that Plaintiff committed at the time he fled officers that responded to the 911 call.

      Rule 401 of the Federal Rules of evidence defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence

Rule 403 of the Federal Rules of Evidence provides, in pertinent part, that evidence, although relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403; *see generally McEwen v. City of Norman*, 926 F.2d 1539, 1549-50 (10th Cir. 1991) (holding that unfair prejudice "cannot be equated with testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case."). Evidence of Plaintiff's flight in the face of the Defendant officers' lawful attempts to detain him for investigative purposes is relevant to Defendants' defenses to Plaintiff's claims of false arrest, false imprisonment, assault, battery and excessive force.

6

It cannot be considered confusing to the jury for the Defendant officers to present evidence concerning their actions and the basis for them, contrary to Plaintiff's assertion. Nor would such evidence be prejudicial; in this case, it was Plaintiff's own actions that dictated the officers' reactions.

   **WHEREFORE**, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine No. 1:  Exclusion of Testimony and Evidence that Claims Plaintiff Violated NMSA § 30-22-1.

                 Respectfully submitted,

                  **CITY OF ALBUQUERQUE**
                  David J. Tourek, City Attorney

                  /s/ *Kristin J. Dalton*
                  Kristin J. Dalton
                  Assistant City Attorney
                  P. O. Box 2248
                  Albuquerque, NM 87102
                  (505) 768-4500
                  F: (505) 768-4440
                  *Attorney for Defendants City of*
                  *Albuquerque, Matthew Vollmer and D. Fox*

I certify that a true copy of the foregoing pleading was e-filed and served to:

Albert L. Hutchinson, Jr.
Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005
*Attorneys for Plaintiff*

on this 4th day of March, 2013.

/s/ *Kristin J. Dalton*
Assistant City Attorney

7