IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

    Plaintiff,

vs.                                               1:12-cv-00294 JB/RHS

MATTHEW VOLLMER,
an Officer of the Albuquerque
Police Department, Individually,

D. FOX,
an Officer of the Albuquerque
Police Department, Individually,

CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 3: EXCLUSION OF TESTIMONY AND EVIDENCE REGARDING CONTENTS OF 911 CALL *OTHER THAN* THE INFORMATION KNOWN TO DEFENDANT POLICE OFFICERS

**COME NOW**, Defendants Matthew Vollmer, D. Fox and the City of Albuquerque, by and through Assistant City Attorney Kristin J. Dalton, and respectfully respond in opposition to Plaintiff's Motion in Limine No. 3: Exclusion of Testimony and Evidence Regarding Contents of 911 Call *Other Than* the Information Known to the Defendant Police Officers. [Doc. 34]  In support of their Response, Defendants state as follows:

## INTRODUCTION

Plaintiff seeks to exclude evidence, argument, opinion or other testimony concerning the 911 call made by Sarah Lane on the date of Plaintiff's arrest, other than the information that was known to the officers at the time contact was made with Plaintiff. Plaintiff argues that this information is irrelevant and prejudicial. [Doc. 34, pgs. 2-3] However, contrary to Plaintiff's position, this evidence is relevant and admissible under FED. R. EVID. 106, 401, 404(b), 801(d)(1)(C), 803(1), 802(3) and 803(6).

## ARGUMENT

Plaintiff's position that the substance of the 911 call is irrelevant fails to take into account the totality of the circumstances for which Defendants' conduct will be judged. *See Cortez v. McCauley*, 478 F.3d 1108, 1123 (10th Cir. 2007 (*en banc*) ("The court views the totality of the circumstances to see whether the detaining officer had a particularized and objective basis for suspecting legal wrongdoing."); *see, e.g., United States v. Najar*, 451 F.3d 710, 720 (10th Cir. 2006) ("Given the totality of the circumstances, the officers had reasonable grounds to believe someone inside the trailer may have been in need of emergency aid and immediate action was required."). The 911 call in this case is part of the totality of the circumstances of the case and should be considered by the jury.

As reflected in the transcript of the 911 call that was submitted as Exhibit 17 to Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss [Doc. 26-1], Sarah Lane called 911 to report that there was a guy there who had been taken to the hospital the night before and he was not supposed to be at the residence. [Doc. 26-1,

2:18-20] Ms. Lane also reported that "he" (Plaintiff) was going after her father and was a danger. [Doc. 26-1, 3:2, 3:7-9]  She also reported that Plaintiff was chasing after her father and had possibly left the hospital without telling them, i.e. left against medical advice. [Doc. 26-1, 3:21-24]  Ms. Lane could not see where her father was and was getting nervous. [Doc. 26-1, 4:15-19]  Ms. Lane further reported that Plaintiff was suicidal. [Doc. 26-1, 5:10-16]  Additionally, Ms. Lane reported that Plaintiff had walked to the house on foot and was trying to get into the house. [Doc. 26-1, 7:3-7, 7:16-22]  Although the officers did not personally speak to Ms. Lane, they are imputed with knowledge of the actual information conveyed by Ms. Lane because the information from the call was shared via dispatch.

In *United States v. Shareef*, 100 F. 3d 1491, 1503 (10th Cir. 1996), the Tenth Circuit said: "We can see the value in imputing knowledge among officers working so closely together.  A presumption of communication often will reflect what has actually taken place and communication among officers during the exigencies of a stop or arrest may often be subtle or nonverbal." The Tenth Circuit has said that this presumption can be refuted if there was evidence that the information was not shared.  *Id.*  However, because the information learned from Ms. Lane was shared via dispatch to officers, the officers should be imputed with knowledge of everything that was conveyed in the 911 call.  Plaintiff has not met the burden of showing that the information relayed to the 911 operator was not shared with the officers.

The entirety of Ms. Lane's conversation with a 911 operator should also be admitted to establish that the officers reasonably relied on the information conveyed in the call.  Plaintiff complains that Ms. Lane conveyed factually inaccurate information to

the 911 call about whether or not Plaintiff should have been at the home. [Doc. 34, pg. 2] It is likely that Plaintiff will continue to make the argument that this was factually incorrect, as Plaintiff has asserted that position in other pleadings before the Court. [*See* Doc. 25] Plaintiff is also likely to attempt to minimize that information that the caller related to the 911 operator: that Plaintiff was to be removed from the premises by officers.

Ms. Lane was not an anonymous caller because she identified herself to the 911 operator. [Doc. 26-1] Ms. Lane provided the operator with her phone number and gave the operator the location to which she was requesting that officers respond to, namely, 1111 Major Ave. NW. [*Id.*] Ms. Lane conveyed to the operator that Plaintiff was trying to get into the house and that she was hiding. [*Id.*] Finally, the frantic and terrified tenor of the 911 call establishes that her motivation for making the call was concern for her and her father's welfare and in order to get Plaintiff removed from the property by police. [*Id.*] The jury is entitled to evaluate all of this information in the record vis-à-vis the 911 call and transcript in order to determine whether the officers reasonably relied on the information being conveyed. *See United States v. Brown*, 496 F.3d 1070 (10th Cir. 2007) (officer can rely on information provided by an anonymous 911 caller who is other identifiable, who claims first-hand knowledge of the alleged conduct, and whose primary motivation is to obtain aid and protection); *see also United States v. Conner*, 699 F.3d 1225 (10th Cir. 2012).

The 911 communications with Ms. Lane are also admissible because it is a firsthand account of what she saw, heard and did and is inextricably intertwined with the explanation as to why officers were directed to 1111 Major Ave. NW. *See U.S. v. Starr*,

276 Fed. Appx. 761, 2008 WL 1844080 (10th Cir. 2008).  The call is part of the totality of the circumstances which explain why Officer Vollmer was at the residence. Additionally, the recording is otherwise admissible because Plaintiff, in all probability, will argue that he had every right to be present at 1111 Major Ave., NW and that officers had no right to stop him or speak with him, i.e. that the officers' contact with him merely formed the basis of a consensual encounter for which he was entitled to walk, or run, away from.  When Plaintiff seeks to introduce evidence that the officers had no reasonable, articulable suspicion to stop and detain him, Defendants may introduce the 911 call to rebut that testimony and to impeach Plaintiff's credibility.  *See* FED. R. EVID. 611(b).

Additionally, Plaintiff will place his credibility in issue when he takes the witness stand.  *See United States v. Girdner*, 773 F.2d 257, 261 (10th Cir. 1985).  Accordingly, during cross-examination, Defendants should be allowed to ask him questions that are probative of his untruthfulness.  *See* Fed. R. Evid. 608(b).  In *Girdner*, the trial court allowed the prosecution to inquire into the defendant's involvement in a ballot fraud scheme.  *Id.*  The Tenth Circuit affirmed the trial court's allowance of these questions, reasoning that "the trial court did not abuse its discretion in allowing cross-examination of appellant's previous falsehoods and deceitful actions in the ballot fraud scheme as being probative of the appellant's truthfulness." *Id.*  As outlined in Defendants' Motion to Dismiss, Plaintiff has made false statements throughout the course of this case and should be subject to cross-examination on those statements.

Specifically, in this case, Plaintiff will deny that he was at the hospital the night before his arrest, he will deny that he had just been released from the hospital or left the

hospital against medical advice, he will deny that he was anything but rightfully and lawfully on the property of 1111 Major Ave. NW.  Indeed, Plaintiff will deny that the events occurred at the time of day as captured in the police report, the CAD and the 911 call.  Evidence that Plaintiff was not supposed to be at the house and had just been at the hospital the night before, along with the time of day of the events is probative of Plaintiff's truthfulness through the inclusion of the 911 call from Ms. Lane.  Wide latitude should be given when questioning a witness about credibility or bias.  *United States v. DeSoto*, 950 F.2d 626, 629 (10th Cir. 1991).  "Counsel should be allowed 'to expose the jury the facts from which jurors, as sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of a witness." *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)).

Additionally, the 911 recordings are also admissible under the business records exception to the hearsay rule 803(b) as the 911 calls and radio transmissions are recorded and kept in the regular course of business by the Albuquerque Police Department Communications Center.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine No. 3: Exclusion of Testimony and Evidence Regarding Contents of 911 Call *Other Than* the Information Known to the Defendant Police Officers.

Respectfully submitted,

**CITY OF ALBUQUERQUE**
David J. Tourek, City Attorney

/s/ *Kristin J. Dalton*
Kristin J. Dalton
Assistant City Attorney
P. O. Box 2248
Albuquerque, NM 87102
(505) 768-4500
F: (505) 768-4440

*Attorney for Defendants City of Albuquerque, Matthew Vollmer and D. Fox*

I certify that a true copy of the foregoing pleading was e-filed and served to:

Albert L. Hutchinson, Jr.
Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005

*Attorneys for Plaintiff*

on this 4th day of March, 2013.

/s/ *Kristin J. Dalton*
Assistant City Attorney