IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

    Plaintiff,

vs.                                          1:12-cv-00294 JB/RHS

MATTHEW VOLLMER,
an Officer of the Albuquerque
Police Department, Individually,

D. FOX,
an Officer of the Albuquerque
Police Department, Individually,

CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 5: TO ALLOW DIRECT EXAMINATION THROUGH LEADING QUESTIONS

**COME NOW**, Defendants Matthew Vollmer, D. Fox and the City of Albuquerque, by and through Assistant City Attorney Kristin J. Dalton, and respectfully respond in opposition to Plaintiff's Motion in Limine No. 5: To Allow Direct Examination Through Leading Questions. [Doc. 36] In support of their Response, Defendants state as follows:

Generally, leading questions are not allowed during a direct examination. *See* FED. R. EVID. 611(c) ("Leading questions *should not* be used on direct examination[.]") (emphasis added). FED. R. EVID. 611(c) allows the use of leading questions when "necessary to develop . . . testimony." Relying entirely on one Tenth Circuit case that is,

at best, loosely related to a district court's discretion to allow leading questions on direct examination, Plaintiff requests that this Court allow him to ask leading questions of Defendants, and possibly, "Defendant City's agents" during a trial of this matter. Plaintiff has not shown that the use of leading questions would be necessary to develop the testimony of anyone other than the named Defendants in this matter, who are assuredly adverse parties.[1]

"The trial judge is vested with the general authority to exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence[.]" *United States v. Olivo*, 69 F.3d 1057, 1065 (10th Cir. 1995) (internal quotation marks and citation omitted). "Situations where leading questions are allowed are: (1) where the witness is hostile, (2) where a witness is reluctant or unwilling, and (3) where an adult witness has difficulty communicating." *Id.* (internal citations omitted). Plaintiff cannot meet this burden in this case to show that the witnesses he seeks to lead on direct examination are hostile, reluctant or unwilling or that they are witnesses that have difficulty communicating. As it may relate to witnesses other than the named defendants in this case, Plaintiff's motion is premature.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine No. 5: To Allow Direct Examination Through Leading Questions.

---

[1] Defendants concede that Plaintiff may ask leading questions of Defendants Vollmer and Fox, however, Plaintiff has not limited his Motion to those witnesses. [Doc. 36, pg. 2]

Respectfully submitted,

**CITY OF ALBUQUERQUE**
David J. Tourek, City Attorney

/s/ *Kristin J. Dalton*
Kristin J. Dalton
Assistant City Attorney
P. O. Box 2248
Albuquerque, NM 87102
(505) 768-4500
F: (505) 768-4440

*Attorney for Defendants City of Albuquerque, Matthew Vollmer and D. Fox*

I certify that a true copy of the foregoing pleading was e-filed and served to:

Albert L. Hutchinson, Jr.
Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005

*Attorneys for Plaintiff*

on this 4th day of March, 2013.

/s/ *Kristin J. Dalton*
Assistant City Attorney