IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

    Plaintiff,

vs.                                                  1:12-cv-00294 JB/RHS

MATTHEW VOLLMER,
an Officer of the Albuquerque
Police Department, Individually,

D. FOX,
an Officer of the Albuquerque
Police Department, Individually,

CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 4: EXCLUSION OF TESTIMONY AND EVIDENCE REGARDING PLAINTIFF'S PRIOR CRIMINAL HISTORY**

**COME NOW**, Defendants Matthew Vollmer, D. Fox and the City of Albuquerque, by and through Assistant City Attorney Kristin J. Dalton, and respectfully respond in opposition to Plaintiff's Motion in Limine No. 4: Exclusion of Testimony and Evidence Regarding Plaintiff's Prior Criminal History. [Doc. 35]  In support of their Response, Defendants state as follows:

**INTRODUCTION**

Plaintiff seeks to exclude any evidence, argument, opinion or other testimony concerning Plaintiff's prior criminal history.  In support of his position, Plaintiff suggests that simply because he has not been convicted of a felony or a crime of dishonesty, his

prior criminal history should be excluded. However, Plaintiff's prior criminal convictions as well as past encounters with law enforcement where he refused to obey and/or resisted arrest are relevant because they are probative of (1) Defendants' defense against Plaintiff's Fourth Amendment claims; (2) Plaintiff's bias against law enforcement; (3) Plaintiff's lack of credibility; and (4) Plaintiff's claim for damages. This evidence is also admissible under Fed. R. Evid. 404(b) and 406.

## ARGUMENT

I. **PLAINTIFF'S FOURTH AMENDMENT CLAIMS**

Plaintiff claims that he was falsely arrested arrest, falsely imprisoned, assaulted, battered and that excessive force was used against him during the subject incident. [Doc. 3-1] Information that was available and within the Defendant officers' knowledge will be probative of these claims. *See Graham v. Conner*, 490 U.S. 386, 396-97 (1989) ("[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." (internal quotation marks and citation omitted)); *see also Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (probable cause exists if facts and circumstances within the arresting officer's knowledge of which the officer has reasonably trustworthy information are sufficient to lead a prudent police officer to believe that the person being arrested has committed a crime). That information includes prior calls to 1111 Major Ave. NW and prior law enforcement contact with Justin Maples.

Plaintiff admitted in his deposition that he has been handcuffed by law enforcement on at least fifteen (15) separate occasions prior to his arrest on January 26,

2010.  Plaintiff has been convicted of battery on a household member.  At the time of Plaintiff's arrest, there was a hazard placed on the 911 call, indicating that there had been prior police response to 1111 Major Ave. NW for violence and suicide calls/suicidal behavior.  [*See* **Exhibit A**, APD Premise Information: 1111 Major Ave. NW]  Plaintiff's prior conviction for battery on a household member, therefore, is directly related to the facts underlying this case.  Moreover, Officer Vollmer had previously responded to a call at 1111 Major Ave. NW.  [*See* **Exhibit B,** APD Report No. 01-106432]   The call on January 26, 2010 was a familiar call to local police, including Officers Vollmer and Sanchez, concerning Plaintiff, Justin Maples, causing a disturbance at the residence, or concerning other violent and/or suicidal behavior.

At the time of his arrival, Officer Vollmer recognized Plaintiff from the past call that he had responded to.  [Doc. 19-1]   Knowing that Plaintiff had been suicidal and violent in the past and knowing that there was a hazard placed on this Priority One call, Officer Vollmer attempted to speak with Plaintiff.  Officer Vollmer had been dispatched to 1111 Major Ave. NW in reference to a male subject, identified as Justin Maples, causing a disturbance on the property.  [Doc. 19-1]  He also received information that the 911 caller stated that Mr. Maples was a suicide threat, had just been released from UNMH and was attempting to gain unlawful access to the home.  [*Id.*]   All of this information, coupled with Officer Vollmer's prior knowledge of and interaction with Plaintiff provided Officer Vollmer with reasonable suspicion and reason to investigate, detain and question Plaintiff's presence at 1111 Major Ave. NW.  *See Romero*, 45 F.3d at 1476.

In addition to Officer Vollmer's prior interactions with Plaintiff, Plaintiff has had numerous encounters with the police, from calls involving violence and/or suicidal tendencies, wherein Plaintiff would flee police, resist efforts to detain him by flight or evasion, demonstrate violent or suicidal tendencies or accuse police of "brutality." [*See* **Exhibit C**, APD Report No. 04-91362, **Exhibit D**, APD Report No. 04-109248, **Exhibit E**, APD Report No. 04-130413, **Exhibit F**, APD Report No. 05-44552, **Exhibit G**, APD Report No. 05-38158, **Exhibit H**, APD Report No. 05-80526, **Exhibit I**, APD Report No. 05-88170, **Exhibit J**, APD Report No. 05-118271, **Exhibit K**, APD Report No. 06-51814, **Exhibit L**, APD Report No. 07-94444, **Exhibit M**, APD Report No. 08-35438, **Exhibit N**, APD Report No. 090062171, **Exhibit O**, APD Report No. 090116927, **Exhibit P**, APD Report No. 090116957, **Exhibit Q**, APD Report No. 100020847, **Exhibit R**, APD Report No. 100041244]   Accordingly, Officer Vollmer approached Plaintiff with more caution than he would an ordinary subject.  "[U]nder clearly established law, an officer's knowledge about the degree of threat a suspect potentially poses is relevant to the reasonableness inquiry." *Murphy v. Bitsoih*, 320 F.Supp.2d 1174, 1193 (D.N.M. 2004).  Therefore, Officer Vollmer's prior knowledge of Plaintiff's propensity to threaten his own life and be a potential threat to the lives of the officers is probative of whether Plaintiff posed an immediate threat for purposes of establishing whether the officers used an objectively reasonable amount of force under the circumstances.  *See Graham*, 490 U.S. at 396-97.

## II.   PLAINTIFF'S CRIMINAL HISTORY IS ADMISSIBLE TO SHOW BIAS

Defendants seek to introduce evidence of Plaintiff's criminal history to show his obvious bias against law enforcement officers, and specifically, his bias against officers

with the Albuquerque Police Department. Plaintiff's history with members of the Albuquerque Police Department is well-documented. [*See* **Exhibits B-R**] Defendants seek to cross-examine Plaintiff about his different encounters with law enforcement for the purpose of exposing his bias against the Albuquerque Police Department to the jury.

Given Plaintiff's past criminal history and based on his past contact with Albuquerque Police Officers, Plaintiff has a motive to lie in this case in an effort to retaliate against the Albuquerque Police Department and against law enforcement in general. Indeed, Plaintiff has already testified that he believed his arrest was a set-up between his boyfriend at the time, Kevin Lane, and Officer Vollmer so that they could engage in a romantic relationship. [*See* Doc. 19-5, 73:9-74:1] Impeachment of a witness to show bias is permissible under the Federal Rules of Evidence. *United States v. Abel*, 469 U.S. 45 (1989). Furthermore, evidence of bias may be proved through the use of extrinsic evidence. *Id.* at 51. Wide latitude should be given when questioning a witness about credibility or bias. *United States v. DeSoto*, 950 F.2d 626, 629 (10th Cir. 1991). "Counsel should be allowed 'to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.'" *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)).

### III. PLAINTIFF'S CRIMINAL HISTORY IS ADMISSIBLE UNDER RULES 404 AND 406

Rule 404(b) states that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The same evidence, however, may be admissible for other purposes. Permissible purposes include proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. *See* Fed.

R. Evid. 404(b).  "Uncharged, unrelated crimes or bad acts may be probative to show knowledge, . . . whether the acts involved previous conduct or conduct subsequent to the charged offense if the uncharged acts are similar to the charged crime and sufficiently close in time."  *See United States v. Olivo*, 80 F.3d 1466, 1468-69 (10th Cir. 1996); *see Lewis v. District of Columbia*, 793 F.2d 361, 363 (D.C. Cir. 1986) (per curium) (holding that admission of evidence of prior arrests for purposes of determining whether the plaintiff's running from police officers was result of mistake or attempt to avoid arrest).

The attached police reports reveal that Plaintiff has resisted, evaded and eluded law enforcement officers.  More specifically, on August 6, 2004, Plaintiff attempted to elude and/or evade law enforcement by hiding in a tree.  [*See* **Exhibit C**]  During that encounter, Plaintiff was bit by a police canine.  *Id.*  Plaintiff also attempted to elude and/or evade police officers on March 3, 2010 when Plaintiff was discovered hiding underneath a hot tub.  [*See* **Exhibit Q**]  There were other occasions when Plaintiff left the scene of a 911 call before police could arrive or would otherwise refuse to cooperate with law enforcement.  [*See* **Exhibits B, C, D, F, G, H, I, M, O, P, Q, R**]  It is clearly a plan of Plaintiff's to attempt to avoid contact with law enforcement if possible.  Plaintiff knew, from past instances, how to avoid contact with law enforcement by fleeing, eluding or evading.

The Tenth Circuit has held that Rule 404(a) applies to civil cases as well as to criminal cases.  *See Perrin v. Anderson*, 784 F.2d 1040 (10th Cir. 1986).  The *Perrin* case involved a civil suit where plaintiffs brought 42 U.S.C. 1983 claims against defendant police officers.  *Id.*  The Court in *Perrin* reasoned that "the civil defendant, like the criminal defendant, stands in a position of great peril" in that a verdict against defendants

6

would be tantamount to finding that the officers acted without cause.  *Id.* at 1044.  "The resulting stigma warrants giving [the defendant officers] the same opportunity to present a defense that a criminal defendant could present."  *Id.* at 1045.  Accordingly, the Court held that the defendant police officers were allowed to introduce evidence of Mr. Perrin's prior encounters with the police to show that Mr. Perrin was the aggressor and that the officers acted in self-defense.  *Id.*  The Court also found that this evidence may be proven through reputation or opinion testimony or through evidence of habit.  *See* Fed. R. Evid. 405(a) and 406.

Evidence of habit is "a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances."  *Frase v. Henry*, 444 F.2d 1228, 1232 (10th Cir. 1971).  Plaintiff's prior encounters with police, just like in this case, all involve circumstances in which Plaintiff attempted to elude police, refused to obey commands or demonstrated violent and/or suicidal tendencies.  [*See* **Exhibits B-R**]  These past encounters establish Plaintiff's habits when it came to contact with law enforcement.  Plaintiff will claim that Officer Vollmer was an aggressor towards him based on his belief that Officer Vollmer was reaching towards his belt and striding towards Plaintiff and that was why Plaintiff ran from Officer Vollmer.  Consequently, Plaintiff's prior encounters with officers should be admitted to rebut this claim and show that this is not the first time Plaintiff has run from law enforcement and attempted to elude or evade police and conceal himself from discovery.  Evidence of Plaintiff's prior encounters with law enforcement is also admissible under Fed. R. Evid. 404(b) to show his intent, *modus operandi* and common scheme and plan in dealing with police officers.  *See Huddleston v. United States*, 485 U.S. 681 (1988).

7

Defendants also seek to cross-examine Plaintiff about prior occasions during which he was detained and/or arrested in the past in order to establish his knowledge, intent and absence of mistake or accident in his dealing with the Defendant officers in this case. *See* Fed. R. Evid. 404(b). Plaintiff is likely to argue that he had no obligation to stay and talk to officers. When Officer Vollmer first approached Plaintiff, Officer Vollmer told Plaintiff that he wanted to speak to him. When Plaintiff stopped obeying Officer Vollmer's commands to speak to him, Officer Vollmer told Plaintiff several times to stop. Plaintiff had, on prior occasions, been stopped and questioned by officers and therefore Defendants seek to establish that Plaintiff knew that when an officer was seeking to question Plaintiff, Plaintiff knew that he had to comply with the officer's orders.

### III. OTHER INCIDENTS ARE ADMISSIBLE TO REBUT PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff is making a claim, and seeking damages for emotional distress in this case. Plaintiff has claimed that he moved to Rio Rancho based on a fear of the Albuquerque Police Department. Evidence of Plaintiff's criminal history and contact with law enforcement should be admitted to rebut his claim that he was somehow mentally harmed as a result of his arrest on January 26, 2010 and the time he spent in jail thereafter. *See, e.g. Karnes v. Skrutski*, 62 F.3d 485 (3rd Cir. 1995) (holding that evidence of plaintiff's prior arrest was properly admitted to rebut plaintiff's claim that he has diminished respect for the police and that his arrest caused him damage); *see also Mata v. City of Farmington*, 798 F.Supp.2d 1215 (D.N.M. 2011) (finding that the admission of plaintiff's prior arrests to contest plaintiff's "asserted emotional distress damages . . . [and] to assist the jury in measuring the extent of [the plaintiff]'s damages is a legitimate,

non-character based use of the evidence."). Evidence of his past arrests and incarcerations are relevant and admissible because a person who has never been arrested or incarcerated before would more likely be emotionally distressed if falsely arrested or allegedly so, than a person who has been arrested on at least fifteen (15) prior occasions, like Plaintiff. The same argument follows for Plaintiff's past incarcerations. Evidence of Plaintiff's past arrests is not for the purpose of showing that Plaintiff is a bad person, but rather for the purpose of allowing the jury to determine the extent of emotional distress damages that Plaintiff incurred based on Defendants' allegedly bad conduct.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine No. 4: Exclusion of Testimony and Evidence Regarding Plaintiff's Prior Criminal History.

Respectfully submitted,

**CITY OF ALBUQUERQUE**
David J. Tourek, City Attorney

/s/ *Kristin J. Dalton*
Kristin J. Dalton
Assistant City Attorney
P. O. Box 2248
Albuquerque, NM 87102
(505) 768-4500
F: (505) 768-4440

*Attorney for Defendants City of Albuquerque, Matthew Vollmer and D. Fox*

9

I certify that a true copy of the foregoing pleading was e-filed and served to:

Albert L. Hutchinson, Jr.
Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005

*Attorneys for Plaintiff*

on this 4th day of March, 2013.


/s/ *Kristin J. Dalton*
Assistant City Attorney