# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JUSTIN MAPLES,**

     **Plaintiff,**

                                               **1:12-cv-00294 JB/RHS**

**vs.**

**MATTHEW VOLLMER et al,**

     **Defendants.**

### DEFENDANTS' REQUESTED "ELEMENTS" JURY INSTRUCTIONS (WITH CITATIONS) AND SPECIAL VERDICT FORM

     **COME NOW**, Defendants Matthew Vollmer and David Fox, by and through their counsel of record, Assistant City Attorneys Kristin J. Dalton and Stephanie M. Griffin, and hereby submit the following requested "elements" jury instructions and special verdict form. Defendants reserve the right to submit stock instructions and additional instructions as necessary pending issues raised during trial.

                    Respectfully Submitted,

                    CITY OF ALBUQUERQUE
                    David Tourek
                    City Attorney

                    <u>/s/ Stephanie M. Griffin, Assistant City Attorney</u>
                    P.O. Box 2248
                    Albuquerque, New Mexico 87103
                    (505) 768-4500; fax (505) 768-4440
                    *Attorney for Defendants*

I hereby certify that a true copy
of the foregoing was served via
Notice of Electronic Filing to:

Anna C. Martinez
Albert L. Hutchinson, Jr.
AEQUITAS LAW, LLC
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005

*Attorneys for Plaintiff*

on this 6th  day of March, 2013.

_/s/_ Stephanie M. Griffin, Assistant City. Attorney

**DEFENDANTS'  REQUESTED
INSTRUCTION NO.  1**

To establish a claim under Section 1983, a plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of law;

Second, that the conduct was committed intentionally and deprived the plaintiff of rights secured by the United States Constitution; and

Third, that the conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

With regard to the first element, you are instructed that the parties have stipulated that each of the defendants acted "under color" of state law and therefore, you must accept this fact as proven.

**5th Circuit Pattern Jury Instruction, (Civil Cases), 10.2 (1999)(modified)**

**DEFENDANTS' REQUESTED
INSTRUCTION NO.  2**

With regard to the second element as set forth in the previous instruction (Instruction No.

____), a plaintiff must prove by a preponderance of the evidence that the conduct of a defendant

deprived the plaintiff of rights secured by the United States Constitution.  In this case Plaintiff

claims that his right to be free from an unreasonable seizure under the Fourth Amendment was

violated by Defendants.

**U.S. Const. Amend. IV**

## DEFENDANTS'  REQUESTED
## INSTRUCTION NO.  3

Not all police-citizen encounters implicate the Fourth Amendment.  Unless the officer's show of authority succeeds in restraining the person, the person has not been seized within the meaning of the Fourth Amendment.

**Reeves v. Churchich, 484 F.3d 1244, 1251-53 (10th Cir. 2007); Latta v. Keryte, 118 F.3d 693, 698 (10th Cir. 1997)(citing Bella v. Chamberlain, 24 F.3d 1251, 1256 (10th Cir. 1994); United States v. King, 990 F.2d 1552, 1556 (10th Cir. 1993).**

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 4**

An officer's liability must be based on personal involvement in the alleged constitutional

violation.  Therefore you are instructed that an officer's mere presence on scene does not render

the officer liable unless the officer personally participates in an alleged constitutional infraction.

*Foote v. Spiegel*, **118 F.3d 1416, 1423 (10th Cir. 1997)(***citing Grimsley v. MacKay***, 93 F.3d 676, 679 (10**th **Cir. 1996));** *Jenkins v. Wood*, **81 F.3d 988 (10**th **Cir. 1996)**

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 5**

An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify the action.

Moreover, the reasonableness of an officer's conduct must be assessed from the perspective of a reasonable officer on the scene, recognizing the fact that the officer may be forced to make split-second judgments under stressful and dangerous conditions.

*Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (*quoting Scott v. United States*, 436 U.S. 128, 138 (1978)   (emphasis added)).  *Medina v. Cram,* 252 F.3d 1124, 1131 (10th Cir. 2001)(*quoting Graham v. Connor*, 490 U.S. 386 (1989)).

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 6**

It is the duty of every police officer to investigate all violations of criminal laws of the state which are called to the attention of any such officer or of which he is aware, and it is also the duty of every such officer to diligently file a complaint if the circumstances are such as to indicate to a reasonably prudent person that such action should be taken, and it is also an officer's duty to cooperate with and assist with the prosecution.

**NMSA, 1978 § 29-1-1.**

## DEFENDANTS' REQUESTED
## INSTRUCTION NO. 7

Defendants maintain that Plaintiff was not unlawfully or unreasonably detained because they contend that there was reasonable suspicion to conduct an investigative detention.  An investigative detention, also called a *Terry* stop, is an encounter in which police may stop and briefly detain a person for investigative purposes. Such a stop is a Fourth Amendment seizure which does not require probable cause. Rather, a *Terry* stop is justified if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause. A reasonable suspicion may be based upon a mistaken premise. An encounter between police and an individual which goes beyond the limits of a *Terry* stop, however, may be constitutionally justified only by probable cause or consent.

*Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *U.S. v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009); *Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir.2000); *United States v. Shareef* ,100 F.3d 1491, 1503 (10th Cir. 1996);*United States v. Perdue*, 8 F.3d 1455, 1462 (10th Cir. 1993)

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 8**

Whether an officer develops an objectively reasonable and articulable suspicion of illegal activity is based upon totality of the circumstances confronted by the officer. In this regard, behavior susceptible to innocent interpretation may create reasonable suspicion depending on the totality of the circumstances confronting an officer. In evaluating whether there is reasonable suspicion, there should be deference given to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions.

*United States v. Arvizu*, **534 U.S. 266, 273, (2002);** *United States v. Zubia–Melendez*, **263 F.3d1155, 1162 (10th Cir. 2001);** *Oliver v. Woods*, **209 F.3d 1179 (10th Cir.2000)**

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 9**

Reasonable suspicion may exist even where a 911 call fails to allege criminal activity and the responding officers do not observe any illegal conduct. The fact that no victims are found, or that the information ultimately proves to be false or inaccurate does not render the police action any less lawful as long as officers reasonably believe an emergency situation necessitates their response.

*United States v. Conner*, 699 F.3d 1225, 1231 (10th Cir. 2012)(*citing United States v. Copening*, 506 F.3d 1241, 1243-47 (10th Cir. 2007); *Illinois v. Wardlow*, 528 U.S. 119, 125-26 (2000) *Terry v. Ohio,* 392 U.S. 1, 22-23 (1968)); *see also United States v. Holloway*, 290 F.3d 1331, 1340 (11th Cir. 2002).

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 10**

Police officers are entitled to rely upon information relayed to them by other officers in determining whether there is reasonable suspicion to justify an investigative detention or probable cause to arrest as long as such reliance is objectively reasonable.

***Oliver v. Woods,* 209 F.3d 1179, 1190-91 (10th Cir.2000)**

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 11**

The permissible scope of an investigative detention cannot be determined by a bright-line rule, rather, common sense and ordinary human experience must govern over rigid criteria. While detentions must be fairly non-intrusive, a law enforcement officer, faced with the possibility of danger, has a right to take reasonable steps to protect himself or herself and an obligation to ensure the safety of innocent bystanders, regardless of whether probable cause to arrests exists.

*United States v. Merkley*, **988 F.2d 1062, 1064 (10th Cir. 1993).**

## DEFENDANTS' REQUESTED
## INSTRUCTION NO. 12

Defendants also maintain that Plaintiff was not unreasonably detained because they contend that he was also detained in exercise of their community care-taking functions.  In this regard, police officers are not only permitted, but expected, to exercise community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute. In the course of exercising this non-investigatory function, a police officer may have occasion to seize a person, in order to ensure the safety of the public and/or the individual, regardless of any suspected criminal activity. The fact that the officer may not suspect the individual of criminal activity does not render such a seizure unreasonable per se as *Terry* only requires specific and articulable facts which reasonably warrant an intrusion into the individual's liberty. However, a person's Fourth Amendment rights are not eviscerated simply because a police officer may be acting in a non-investigatory capacity. Whether the seizure of a person by a police officer acting in his or her non-investigatory capacity is reasonable depends on whether it is based on specific articulable facts and requires a balancing of the governmental interest in the police officer's exercise of his or her "community caretaking function" and the individual's interest in being free from arbitrary government interference.

*United States v. King,* 990 F.2d 1552 (10th Cir. 1993)(citing *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973); *Terry v. Ohio*, 392 U.S. 1, 21 (1968)); see also *United States v. Barner*, 416 F.3d 1208, 1212 (10th Cir. 2005); *United States v. Hunnicutt,* 135 F.3d 1345, 1351 (10th Cir. 1998)

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 13**

A law enforcement officer may (1) display some force, (2) place suspects on the ground, (3) use handcuffs, or (4) detain suspects in law enforcement vehicles, even in the absence of probable cause when conducting detentions.

*United States v. Perdue*, **8 F.3d 1455, 1463 (10th Cir. 1993).**

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 14**

A police officer may arrest a person without a warrant if the officer has probable cause to believe that the person committed a crime. Probable cause is measured against an objective standard and evaluated in relation to the circumstances as they would appear to a prudent, cautious and trained police officer. Probable cause does not require certainty of guilt or even a preponderance of evidence of guilt. Rather, probable cause exists if facts and circumstances within the arresting officer's knowledge of which the officer has reasonable trustworthy information are sufficient to lead a prudent police officer to believe that the person being arrested has committed a crime.

*Romero v. Fay,* **45 F.3d 1472, 1476 (10th Cir. 1995);** *U.S. v. Patane*, **304 F.3d 1013, 1018 (10th Cir. 2002).**

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 15**

If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.

***Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)**

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 16**

When a person is arrested and charged with a number of offenses, you must not concern

yourselves with whether or not probable cause existed with respect to each individual charge

made by the arresting officer or with any charge actually invoked by the arresting officer at the

time of arrest. Thus, even if there is no probable cause to arrest for some or even all of the

offenses, the arrest is still lawful so long as probable cause existed as to any offense that could

have been charged.

*Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004); *Jaegly v. Couch*, 439 F.3d 149, 154 (2nd
Cir. 2006); *Spalsbury v. Sisson*, 2007 WL 2705722 (10th Cir. 2007). *Tanberg v. Sholtis*, 401
F.3d 1151, 1157 (10th Cir. 2005).

## DEFENDANTS' REQUESTED
## INSTRUCTION NO. 17

Defendants maintain there was probable cause to arrest Plaintiff for Resisting, Evading or Obstructing an Officer, Assault upon a Police Officer, Assault contrary to the laws of the State of New Mexico and/or Resisting, Obstructing, or Refusing to Obey contrary to City Code for the City of Albuquerque.

If you find that there was probable cause to believe that Plaintiff committed at least one of the above crimes, you must find for the Defendants and against Plaintiff with respect to Plaintiff's unlawful arrest claim. If you find that Defendants had no probable cause to believe Plaintiff had committed or was committing any of the above crimes, you must find for Plaintiff on the unlawful arrest claim.

Resisting, Evading or Obstructing an Officer consists of:

1.      Intentionally fleeing, attempting to evade or evading an officer of this state when the person committing the act of fleeing, attempting to evade or evasion has knowledge that the officer is attempting to apprehend or arrest him; or

2.      Resisting a police officer in the lawful discharge of the officer's duties.

Assault upon a Police Officer consists of:

1.      An attempt to commit a battery upon the person of a police officer while the officer is in the lawful discharge of his or her duties; or

2.      Any unlawful act, threat or menacing conduct which causes a police officer while the officer is in the lawful discharge of his or her duties to reasonably believe that he or she is in danger of receiving an immediate battery.

Assault consists of:

    1.    An attempt to commit a battery upon the person of another; or

    2.    Any unlawful act, threat or menacing conduct which causes another person to

reasonably believe that he is in danger of receiving an immediate battery.

Resisting, Obstructing, or Refusing to Obey an Officer consists of:

    1.    Refusing to obey or comply with any lawful process or order given by any police

officer acting in the lawful discharge of his or her duties; or

    2.    Interfering with, obstructing or opposing any officer in the lawful discharge of his

or her regular and affixed duties.

**NMSA 1978, § 30-22-1 (Resisting, evading or obstructing an officer); NMSA 1978, § 30-3-1 (Assault); NMSA 1978, § 30-22-21 (Assault on a Police Officer); Albuquerque City Code § 12-2-19 (Refusing to Obey);**

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 18**

Probable cause for arrest is determined in terms of the circumstances confronting the

arresting officer at the time of the arrest; therefore, the validity of the arrest is not undermined by

subsequent events that take place in a suspect's criminal prosecution, such as dismissal of the

charges or an acquittal or a conviction.

*Summers v. State of Utah*, 927 F.2d 1165, 1166-67 (10th Cir. 1991).

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 19**

There is no precise definition or formula for determining whether force is excessive in a particular case.  Whether or not the force used is excessive is an issue to be determined by you in light of all of the surrounding circumstances.  You must determine whether the force used against Plaintiff was reasonable under the totality of the circumstances.  Whether the force used was reasonable must be judged from the perspective of an objectively reasonable officer on the scene, rather than with 20/20 vision of hindsight.  The nature of the reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly-evolving about the amount of force that is necessary in a particular situation.

The force used is unreasonable if the officer exceeds that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.   Factors to that may be considered as to the reasonableness of the amount of force used are the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight.

*Graham v. Connor*, **490 U.S. 386, 396-97 (1989).**

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 20**

For purposes of determining the reasonableness of an officer's use of force, you must not consider a person's state of mind. The Constitution does not require that an officer know what is in the heart or mind of a person. It only requires that, from an objective point of view and taking all factors into consideration, that an officer reasonably feared for his or her safety at the moment he or she used force. The Fourth Amendment only requires an officer to respond reasonably to the threat posed by a person.

*Wilson v. Meeks*, **52 F.3d 1547, 1553-54 (10th Cir. 1995).**

**DEFENDANTS' REQUESTED**
**INSTRUCTION NO. 21**

In regards to the use of force, the Fourth Amendment of the United States Constitution does not require officers to use the best technique available as long as their method is reasonable under the circumstances.  Also, the reasonableness standard does not require that officers use alternative less intrusive means.

*Dickerson v. McClellan*, 101 F. 3d 1151, 1160 (6th Cir. 1996); *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001).

**DEFENDANTS' REQUESTED
INSTRUCTION NO.  22**

Police officers are not required to take unnecessary risks in performing their duties, thus

they are authorized to take such steps as are reasonably necessary to protect their personal safety.

*See United States v. Shareef*, **100 F.3d 1491, 1502 (10th Cir. 1996).**

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 23**

A person has no right to physically resist an arrest conducted by a law enforcement

officer engaged in the performance of the officer's duties, even if it turns out later that the arrest

or search was improper or unlawful.

*State v. Doe,* **92 N.M. 100, 103 (1978)**

# DEFENDANTS' REQUESTED
# INSTRUCTION NO. 24

An actor is subject to liability for assault if there has been an act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery.  An actor is subject to liability to another for battery if he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and a harmful or offensive contact with the person of the other directly or indirectly results.

A common element of assault and battery is an intent to engage in unlawful conduct that invades the protected interests of others.  Thus, where a police officer's actions in detaining or arresting a suspect are not unlawful, the officer is not subject to liability for the torts of assault or battery.   Officers, within reasonable limits, are the judges of the force necessary to enable them to make arrests.  As long as an officer acts in good faith and uses no more force than reasonably necessary to preserve the peace, the officer is afforded reasonable latitude in the use of force. Further, if the means employed by the officer to effect an otherwise lawful arrest are in excess of those which he is privileged to use, the officer is liable only for so much of the force as is excessive.

**Restatement (Second) of Torts §§ 13, 18, 121, 133 (1965);  <u>Caillouette v. Hercules, Inc.,</u> 113 N.M. 492, 496-97, 827 P.2d 1306, 1310-11(quoting <u>California First Bank v. State of N.M.,</u>111 N.M. 64, 74 n. 6, 801 P.2d 646, 646 n. 6 (1990)); <u>State v. Prince,</u> 1999 NMCA 10, 126 N.M. 547, 972 P.2d 859, 862 (Ct. App. 1998); <u>Baca v. Velez,</u> 114 N.M. 13, 833 P.2d 1194 (Ct. App. 1992); <u>Mead v. O'Connor,</u> 66 N.M. 170, 173, 344 P.2d 478, 479-80 (1959).**

**DEFENDANTS' REQUESTED
INSTRUCTION NO. 25**

Under New Mexico law, false imprisonment or false arrest consists of

intentionally confining or restraining another person without his consent and with

knowledge that he has no lawful authority to do so.  A police officer has no civil liability

for an arrest and or imprisonment if the officer reasonably believed in good faith, based

upon the available facts, that the arrest and/or imprisonment was lawful.

*Romero v. Sanchez*, **119 N.M. 690 (1995)**; *Perea v. Stout*, **94 N.M. 595 (Ct. App. 1980)**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JUSTIN MAPLES,**

     **Plaintiff,**

                                      **1:12-cv-00294 JB/RHS**

**vs.**

**MATTHEW VOLLMER,**
**an Officer of the Albuquerque**
**Police Department, Individually,**

**D. FOX,**
**an Officer of the Albuquerque**
**Police Department, Individually,**

**CITY OF ALBUQUERQUE,**
**a municipality organized under the**
**laws of the State of New Mexico,**

     **Defendants.**

## SPECIAL VERDICT FORM

1.     Do you find by a preponderance of evidence that Defendant Matthew Vollmer and/or Defendant David Fox violated Plaintiff Justin Maples's constitutional right to be free from unlawful detention?

     (A) Defendant Matthew Vollmer

     Yes _____

     No  _____

     (B) Defendant David Fox

     Yes _____

     No  _____

2.      Do you find by a preponderance of evidence that Defendant Matthew Vollmer and/or Defendant David Fox violated Plaintiff Justin Maples's constitutional right to be free from unlawful arrest?

(A) Defendant Matthew Vollmer

Yes _____

No  _____

(B) Defendant David Fox

Yes _____

No  _____

3.      Do you find by a preponderance of evidence that Defendant Matthew Vollmer and/or Defendant David Fox violated Plaintiff Justin Maples's constitutional right to be free from excessive force?

(A) Defendant Matthew Vollmer

Yes _____

No  _____

(B) Defendant David Fox

Yes _____

No  _____

4.      Do you find by a preponderance of evidence that Defendant Matthew

Vollmer and/or Defendant David Fox committed assault against Plaintiff Justin Maples?

(A) Defendant Matthew Vollmer

Yes _____

No  _____

(B) Defendant David Fox

Yes _____

No  _____

5.      Do you find by a preponderance of evidence that Defendant Matthew

Vollmer and/or Defendant David Fox committed battery against Plaintiff Justin Maples?

(A) Defendant Matthew Vollmer

Yes _____

No  _____

(B) Defendant David Fox

Yes _____

No  _____

6.      Do you find by a preponderance of evidence that Defendant Matthew

Vollmer and/or Defendant David Fox falsely imprisoned or falsely arrested Plaintiff

Justin Maples?

(A) Defendant Matthew Vollmer

Yes _____

No  _____

(B) Defendant David Fox

Yes _____

No  _____


If you answered "No" to all 6 questions as to each Defendant, then have the foreperson sign and date the special verdict form without answering question No. 7.  If you answered "Yes" to any part of question Nos. 1, 2, 3, 4, 5, or 6 then proceed to question No. 7.


7.     Indicate the amount of compensatory or actual damages or nominal damages that you find should be awarded to Plaintiff Justin Maples:

$ _____


_____     _____
DATE                                                    JURY FOREPERSON