## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

       Plaintiff,

vs.                                                                                        No. CIV 12-0294 JB/RHS

MATTHEW VOLLMER,
an Officer of the City of Albuquerque
Police Department, Individually,
D. FOX,
an Officer of the City of Albuquerque
Police Department, Individually,
CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

       Defendants.

**COURT'S FIRST PROPOSED PRELIMINARY JURY INSTRUCTIONS**
(with citations)

*Preliminary instructions*

Members of the jury:  Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

*Duty of the jury*

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

*Evidence*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not in evidence and must not be considered by you.  I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to his clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the

*Summary of the applicable law*

Mr. Maples claims that Mr. Vollmer, Mr. Fox, and the City of Albuquerque violated his rights under the Fourth Amendment to the United States Constitution to be free from unlawful seizure or detention, false imprisonment, unlawful arrest, and excessive use of force, and violated

**Preliminary Instructions Before Trial - Page** 1

state law by committing assault and battery on him; Mr. Vollmer, Mr. Fox, and the City of

Albuquerque deny Mr. Maples' claims as to both liability and damages as they contend that there

was reasonable suspicion to detain Mr. Maples, and they maintain that his conduct was reasonable

under the totality of the circumstances.  I will give you detailed instructions on the law at the end

of the case, and those instructions will control your deliberations and your decision.  But in order

to help you follow the evidence, I will now give you a brief summary of the elements which Mr.

Maples must prove to make his case:

        To establish each of his claims under the Fourth Amendment, Mr. Maples has the burden of

proving by a preponderance of the evidence each of the following:

      1)     That Mr. Vollmer and/or Mr. Fox acted "under color" of the authority of the State
             of New Mexico;

      2)     That Mr. Vollmer and/or Mr. Fox intentionally committed acts, and that one or more
             of these intentional acts violated Mr. Maples' federal constitutional rights that I have
             described to you;

      3)     That Mr. Vollmer's and/or Mr. Fox's acts were the legal cause of each of Mr.
             Maples' damages.

Unlawful Seizure or Detention:

        To establish the claim of unlawful seizure or detention in violation of the Fourth

Amendment, Mr. Maples must prove by a preponderance of the evidence each of the following:

      1)     That Mr. Vollmer and/or Mr. Fox detained Mr. Maples; and

      2)     That Mr. Vollmer and/or Mr. Fox detained Mr. Maples without reasonable suspicion.

False Imprisonment:

        To establish the claim of false imprisonment under the Fourth Amendment, Mr. Maples must

**Preliminary Instructions Before Trial - Page** 2

show:

    1)      Mr. Vollmer and/or Mr. Fox held or confined Mr. Maples;

    2)      Mr. Maples was not free to leave; and

    3)      Mr. Vollmer and/or Mr. Fox held Maples without reasonable suspicion and probable cause.

Wrongful Arrest:

To establish the claim of unlawful arrest in violation of the Fourth Amendment, Mr. Maples must prove by a preponderance of the evidence each of the following:

    1)      That Mr. Vollmer and/or Mr. Fox arrested Mr. Maples; and

    2)      That Mr. Vollmer and/or Mr. Fox arrested Mr. Maples without probable cause.

Excessive Force:

To establish the claim of excessive force in violation of the Fourth Amendment, Mr. Maples must each prove by a preponderance of the evidence each of the following:

    1)      Some harm, that

    2)      Resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

    3)      Objectively unreasonable in light of the facts and circumstances at the time.

Assault:

To establish assault in violation of the laws of the State of New Mexico, Mr. Maples must prove by a preponderance of the evidence each of the following:

    1)      That Mr. Vollmer and/or Mr. Fox tried to touch Mr. Maples;

    2)      That Mr. Vollmer and/or Mr. Fox intended to touch Mr. Maples; and

    3)      That Mr. Vollmer and/or Mr. Fox acted in a rude, angry or insolent manner;

**Preliminary Instructions Before Trial - Page** 3

or

1)      That Mr. Vollmer and/or Mr. Fox threatened or menaced Mr. Maples;

2)      That Mr. Vollmer's and/or Mr. Fox's threatening or menacing conduct caused Mr. Maples to believe that Mr. Vollmer and/or Mr. Fox was about to touch him in a rude, angry or insolent manner; and

3)      A reasonable person in Mr. Maples' circumstances would have had the same belief.

Battery:

To establish the claim of battery in violation of the laws of the State of New Mexico, Mr. Maples must prove by a preponderance of the evidence each of the following:

1)      Mr. Vollmer and/or Mr. Fox intentionally touched Mr. Maples; and

2)      Mr. Vollmer and/or Mr. Fox touched Mr. Maples in a rude, angry or insolent manner.

State Law Unlawful Arrest:

To establish unlawful arrest in violation of the laws of the State of New Mexico, Mr. Maples must prove by a preponderance of the evidence each of the following:

1)      That Mr. Vollmer and/or Mr. Fox arrested Mr. Maples;

2)      That Mr. Vollmer and/or Mr. Fox arrested Mr. Maples without probable cause; and

3)      That the arrest caused Mr. Maples to suffer injury, damage, or harm.

Negligence:

To establish the claim of negligence in violation of the laws of the State of New Mexico, Mr. Maples must prove by a preponderance of the evidence each of the following:

1)      That Mr. Vollmer and/or Mr. Fox owed Mr. Maples a duty of reasonable care;

2)      That Mr. Vollmer and/or Mr. Fox breached the duty owed to Mr. Maples;

**Preliminary Instructions Before Trial - Page** 4

3)     That the breach of their duty caused harm to Mr. Maples; and

4)     The breach of duty was the proximate cause of Mr. Maples' harm.

***Conduct of the jury***

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.  This prohibition includes any form of communication over the Internet, such as e-mail, instant messaging, web-sites, and blogs; the use of cell phones for text messaging or video and audio recording; and the use of any other recording or transmitting device.

Second, do not read or listen to anything touching on this case in any way.  If anyone tries to talk to you about it, bring it to the court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

If you want to take notes during the course of the trial you may do so.  However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the time.  If you do take notes, be sure that your note taking does not interfere with your listening to and considering all of the evidence.  Also, if you do take notes, do not discuss them with anyone before you begin your deliberations.  Do not take your notes with you at the end of the day -- be sure to leave them in the jury room.

If you choose *not* to take notes, remember that it is your own individual responsibility to listen carefully to the evidence.  You cannot give this responsibility to someone who is taking notes.

**Preliminary Instructions Before Trial - Page** 5

We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict.  However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case.  In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand.  I will then consider that question with the lawyers.  If it is determined to be a proper and necessary question, I will ask it.  If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

### Course of the trial

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Mr. Maples will present his witnesses, and Mr. Vollmer, Mr. Fox, and the City of Albuquerque may cross-examine them.  Then Mr. Vollmer, Mr. Fox, and the City of Albuquerque will present their witnesses, and Mr. Maples may cross-examine them.

After all the evidence is in, the court will give you instructions on the law, and the parties will present their closing arguments to summarize and interpret the evidence for you.

You will then retire to deliberate on your verdict.

**Preliminary Instructions Before Trial - Page** 6

Federal Judicial Center, Benchbook for U.S. District Court Judges at 185-188 (Fifth Edition September 2007)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.01, at 4 (2011)(**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1**, at 2, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**, at 3, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3: STATEMENT OF PLAINTIFF'S CLAIMS**, at 4, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4: GENERAL INSTRUCTION CONCERNING PLAINTIFF'S CIVIL RIGHTS CLAIMS**, at 5, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5: CIVIL RIGHTS CLAIMS -- ELEMENTS OF PLAINTIFF'S UNLAWFUL ARREST CLAIMS**, at 6, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6: CIVIL RIGHTS CLAIMS -- ELEMENTS OF PLAINTIFF'S EXCESSIVE USE OF FORCE CLAIMS**, at 8, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10: TORT CLAIMS -- ELEMENTS OF PLAINTIFF'S CLAIM OF ASSAULT**, at 13, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11: TORT CLAIMS -- ELEMENTS OF PLAINTIFF'S CLAIM OF BATTERY**, at 13, filed March 7, 2013 (Doc. 61)(modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS, PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12: TORT CLAIMS -- ELEMENTS OF PLAINTIFF'S OF FALSE ARREST**, at 15, filed March 7, 2013 (Doc. 61)(modified)

**DEFENDANTS' REQUESTED "ELEMENTS" JURY INSTRUCTIONS (WITH CITATIONS) AND SPECIAL VERDICT FORM, DEFENDANTS' REQUESTED INSTRUCTION NO. 1**, at 3, filed March 6, 2013 (Doc. 59)(modified)

**DEFENDANTS' REQUESTED "ELEMENTS" JURY INSTRUCTIONS (WITH**

**CITATIONS) AND SPECIAL VERDICT FORM, DEFENDANTS' REQUESTED INSTRUCTION NO. 2**, at 4, filed March 6, 2013 (Doc. 59)(modified)

**DEFENDANTS' REQUESTED "ELEMENTS" JURY INSTRUCTIONS (WITH CITATIONS) AND SPECIAL VERDICT FORM, DEFENDANTS' REQUESTED INSTRUCTION NO. 7**, at 9, filed March 6, 2013 (Doc. 59)(modified)

**DEFENDANTS' REQUESTED "ELEMENTS" JURY INSTRUCTIONS (WITH CITATIONS) AND SPECIAL VERDICT FORM, DEFENDANTS' REQUESTED INSTRUCTION NO. 24**, at 27, filed March 6, 2013 (Doc. 59)(modified)

**DEFENDANTS' REQUESTED "ELEMENTS" JURY INSTRUCTIONS (WITH CITATIONS) AND SPECIAL VERDICT FORM, DEFENDANTS' REQUESTED INSTRUCTION NO. 25**, at 28, filed March 6, 2013 (Doc. 59)(modified)

**DEFENDANTS' REQUESTED "ELEMENTS" JURY INSTRUCTIONS (WITH CITATIONS) AND SPECIAL VERDICT FORM, SPECIAL VERDICT FORM**, at 29-32, filed March 6, 2013 (Doc. 59)(modified)

Fifth Circuit Pattern Jury Instructions 10.1, at 123 (2009 Rev.)(modified)

Fifth Circuit Pattern Jury Instructions, (Civil Cases) 10.2 (1999)(modified)

Hon. Edward J. Devitt, Hon. Charles B. Blackmar & Michael A. Wolff, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.06 (4th ed., 2000)

Kevin O'Malley, Jay Grenig & William Lee, FED. JURY PRACTICE & INSTRUCTIONS § 121.41 (5th ed., 2000)(modified)

Kevin O'Malley, Jay Grenig & William Lee, FED. JURY PRACTICE & INSTRUCTIONS § 165.01 (5th ed., 2000)(modified)

FED. JURY PRACTICE & INSTRUCTIONS § 103.01 (West 1987)(modified)

FED. JURY PRACTICE & INSTRUCTIONS § 103.02 (West 1987)(modified)

**United States v. Sokolow, 490 U.S. 1, 7 (1989)**

**Illinois v. Gates, 462 U.S. 213, 2238 (1983)**

**Terry v. Ohio, 392 U.S. 1, 30 (1968)**

**United States v. Winder, 557 F.3d 1129, 1134 (10th Cir. 2009)**

**Oliver v. Woods, 209 F.3d 1179, 1186 (10th Cir. 2000)**

**Preliminary Instructions Before Trial - Page** 8

<u>United States v. Shareef</u>, 100 F.3d 1491, 1507 (10th Cir. 1996)

<u>United States v. Perdue</u>, 8 F.3d 1455, 1462 (10th Cir. 1993)

<u>United States v. Espinosa</u>, 782 F.2d 888, 890 (10th Cir. 1981)

<u>State v. Jason L.</u>, 2000-NMSC-018, ¶ 20, 129 N.M. 119, 2 P.3d 856

<u>Romero v. Sanchez</u>, 119 N.M. 690, 895 P.2d 212 (1995)

<u>Mead v. O'Connor</u>, 66 N.M. 170, 173, 344 P.2d 478, 479-80 (1959)

<u>State v. Prince</u>, 1999-NMCA-10, 126 N.M. 547, 972 P.2d 589

<u>Baca v. Velez</u>, 114 N.M. 13, 833 P.2d 1194 (Ct. App. 1992)

<u>Calliouette v. Hercules, Inc.</u>, 113 N.M. 492, 496-97, 827 P.2d 1306, 1310-11 (Ct. App. 1992)(quoting <u>Cal. First Bank v. State</u>, 111 N.M. 64, 74 n.6, 801 P.2d 646, 656 n.6 (1990))

<u>Perea v. Stout</u>, 94 N.M. 595, 613 P.2d 1034 (Ct. App. 1980)

U.S. Const. amend. IV

N.M. U.J.I. 13-302A (modified)

N.M. U.J.I. 14-303 (modified)

N.M. U.J.I. 14-320 (modified)

Restatement (Second) of Torts §§ 13, 18, 121, 133 (1965)

Plaintiff's Second Amended Complaint (modified)