IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

    Plaintiff,

vs.                                                                  1:12-cv-00294 JB/RHS

MATTHEW VOLLMER,
an Officer of the Albuquerque
Police Department, Individually,

D. FOX,
an Officer of the Albuquerque
Police Department, Individually,

CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

    Defendants.

### DEFENDANTS' OBJECTIONS TO THE COURT'S FIRST PROPOSED PRELIMINARY JURY INSTRUCTIONS [Doc. 63]

**COME NOW**, Defendants Matthew Vollmer, David Fox and the City of Albuquerque ("Defendants"), by and through Assistant City Attorney Stephanie M. Griffin, and hereby state the following for Defendants' Objections to the Court's First Proposed Preliminary Jury Instructions [Doc. 63]:

1.    The Court's Proposed Preliminary Instructions fail to instruct the jury on the definition of "seizure" within the meaning of the Fourth Amendment. Defendants' Proposed Instruction No. 3 [Doc. 59] correctly sets forth that a person has not been seized within the meaning of the Fourth Amendment unless an officer's show of authority succeeds in restraining the person. Given that Plaintiff was not seized until officers were able to handcuff him, the jury

should be instructed on the basic elements of a seizure within the meaning of the Fourth Amendment so as to give them guidance as to when the Fourth Amendment has been triggered during the encounter with the officers.

2. Defendants object to the Court's Proposed Preliminary Instruction on "False Imprisonment" under the Fourth Amendment [See Doc. 63 at pp. 2-3] as this claim can only be asserted under the Fourth Amendment when a person has been *imprisoned* without legal process. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  The instant action does not involve any such scenario as Plaintiff was afforded legal process since a criminal complaint was filed against Plaintiff and he attended court hearings while the criminal case was pending. Further, Plaintiff pled this claim in the alternative as Count 5 of the Complaint contains the heading "False Arrest/False Imprisonment." [See Doc. 1, Ex. A – Complaint at p. 6]. Finally, the elements that the Court sets forth defining "False Imprisonment" under the Fourth Amendment are incorrect. *See Mondragon*, 519 F.3d at 1082. Therefore, Defendants object to instructing the jury on a Section 1983 "False Imprisonment" claim as this instruction injects a false issue before the jury and contains the incorrect elements.

3. Defendants object to the Court's Proposed Preliminary Instruction on "Excessive Force" under the Fourth Amendment [See Doc. 63 at p. 4]. The United States Supreme Court specifically found in *Graham v. Connor*, 490 U.S. 386, 396 (1989) that excessive force claims are governed by the reasonableness standard of the Fourth Amendment, and that this standard is not "capable of precise definition or mechanical application." *Id.* at 396. In contradiction to this premise, the Court attempts to attach just such a precise definition to this standard by setting forth incomplete elements which do not reflect the *Graham* balancing test. Most importantly, the Court has failed to set forth that in assessing whether the force used was

reasonable is to be judged from the perspective of an objectively reasonable officer on the scene. *See id.* Defendants' Requested Instruction No. 19 [Doc. 59] sets forth the proper balancing test set forth in *Graham, supra,* upon which the jury should be instructed. Therefore, Defendants object to the Court's "Excessive Force" Instruction as this instruction as written is misleading and is an incomplete statement of the law.

      4.      Defendants object to the Court's Proposed Preliminary Instructions on "Assault" and on "Battery" [See Doc 63 at pp. 3-4] as these two instructions are premised upon the elements set forth in the New Mexico Criminal Uniform Jury Instructions as opposed to tort law. If the Court is going to instruct the jury in accordance with the criminal standard, then it must include a statement that the jury must find the officers' conduct to be "unlawful" as this is an essential element for the commission of both assault and battery in violation of New Mexico law. *See* NMSA 1978 §§ 30-3-1 and 30-3-4. Also, the Court's proposed instructions on Assault and Battery omits language which is aligned with the following premise set forth in *Tanberg v. Sholtis*, 401 F.3d 1151, 1168 (10th Cir. 2005):

> Although New Mexico law requires that an officer's use of force be objectively reasonable and reflects the same sensitivity as federal law to the split-second decisions officers must make, an officer's good faith appears to be the prerequisite for the exercise of a court's sympathetic review of an arrest: "[s]o long as officers act in good faith and use no more force than reasonably necessary to preserve the peace, they are accorded reasonable latitude in the use of force." *State v. Prince*, 126 N.M. 547, 972 P.2d 859, 862 ( N.M. 1998), see also *Mead v. O'Connor*, 66 N.M. 170, 344 P.2d at 479-80 (N.M. 1959) (an officer making a misdemeanor arrest is entitled "to use such force as [is] reasonably necessary under the circumstances....Officers, within reasonable limits are the judges of the force necessary to enable them to make arrests.... When acting in good faith, the courts will afford them the utmost protection").

Defendants' Requested Instruction No. 24[Doc. 59] sets forth the unlawfulness elements as well as the premise reiterated in *Tanberg, supra*. Therefore, Defendants object to the Court's "Assault" and "Battery" Instructions as these instructions as written are misleading and contain

3

inaccurate statements of the law.

     5.     Defendants object to the Court's Proposed Preliminary Instruction on "Negligence" [See Doc. 63 at pp. 4-5] as this is not a cause of action which has been brought by Plaintiff. [See Doc. 1, Exhibit A – Complaint] A negligence claim has also not been set forth in the Pre-Trial Order [See Doc. 42] and therefore this claim is not a part of the case. *See Gowan v. United States v. Dep't of Air Force*, 148 F.3d 1182, 1192 (10th Cir. 1998). This notwithstanding, negligence cannot form a basis for a Section 1983 claim. *See Daniels v. Williams*, 474 U.S. 327 (1986). Also, it is well established in New Mexico that a law enforcement officer's immunity is not waived under Section 41-4-12 in an action for negligence standing alone. *Lessen v. City of Albuquerque,* 2008-NMCA-085, ¶ 35, 144 N.M. 314, 187 P.3d 179. Therefore, Defendants object to the Court's "Negligence" instruction as it is not the law of the case or a claim which can be asserted against Defendants as a matter of law.

As a final note, Defendants wish to point out a typographical error on page two of the Court's proposed instructions where the Court states: "…they maintain that *his* conduct was reasonable…" This excerpt should read instead "…they maintain that *their* conduct was reasonable…"

                                   Respectfully submitted,

                                   **CITY OF ALBUQUERQUE**
                                   David J. Tourek, City Attorney

                                   /s/ Stephanie M. Griffin
                                   Assistant City Attorney
                                   P. O. Box 2248
                                   Albuquerque, NM 87102
                                   (505) 768-4500
                                   F: (505) 768-4440

                                   *Attorney for Defendants*

I hereby certify that a true copy of the foregoing was served via Notice of Electronic Filing to:

Anna C. Martinez
Albert L. Hutchinson, Jr.
AEQUITAS LAW, LLC
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005

*Attorneys for Plaintiff*

on this 11th day of March, 2013.

*/s/* Stephanie M. Griffin*, Assistant City. Attorney*