IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

       Plaintiff,

vs.                                                                                                                                                                                                         No. CIV 12-0294 JB/RHS

MATTHEW VOLLMER,
an Officer of the Albuquerque
Police Department, Individually,

DAVID FOX, an Officer of the Albuquerque
Police Department, Individually,

CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine No. 1: Exclusion of Testimony and Evidence that Claims Plaintiff Violated NMSA § 30-22-1, filed February 27, 2013 (Doc. 32)("Motion in Limine"). The Court held a hearing on March 5, 2013. The primary issue is whether the Court should allow the Defendants to argue that the Defendants Matthew Vollmer and David Fox (the "Individual Defendants") had probable cause to arrest Plaintiff Justin Maples because he violated N.M.S.A. 1978, § 30-22-1. Because the parties agreed at the hearing on the motion that the Defendants can explain their belief that probable cause for Maples' arrest existed as long as they do refrain from mentioning violation of § 30-22-1 explicitly, the Court will grant in part and deny in part the Motion in Limine.

## FACTUAL BACKGROUND

On January 26, 2010, the Individual Defendants were dispatched to 1111 Major Northwest,

Albuquerque, New Mexico, Maples' residence, because of a 911 call made by Sarah Lane, the daughter of Maples' then-boyfriend.  See Complaint for Damages, Declaratory and Injunctive Relief and Petition for Writ of Mandamus ¶ 12, at 3, filed in state court on January 26, 2012, filed in federal court March 22, 2012 (Doc. 1-1)("Complaint").  Maples was standing in his front yard when the officers arrived and tried to walk away from them.  See id. ¶¶ 13-14, at 3.  Vollmer and Fox chased after Maples, and Maples then fled from the officers.  See id. ¶¶ 17-18, at 3.  Vollmer and/or Fox tackled Maples when they caught up to him.  See id. ¶ 19, at 3.  Maples alleges that Vollmer and Fox used "excessive and unnecessary force" against him, id. ¶ 20, at 4, and "caused him to suffer damages," id. ¶ 21, at 7.  Vollmer placed Maples in handcuffs, arrested him, transported him to the prisoner transport center, and booked him.  See Affidavit of Matthew Vollmer ¶¶ 16-17, at 3, filed December 20, 2012 (Doc. 19-1).

## PROCEDURAL BACKGROUND

Maples instituted this lawsuit in state court on January 26, 2012, and the Defendants removed the case to this federal court on March, 22, 2012.  See Notice of Removal (Doc. 1).  Maples alleges that the Individual Defendants and Defendant City of Albuquerque violated his constitutional rights by using excessive force in arresting him on January 26, 2010, at 1111 Major, and falsely imprisoning him following his arrest.  Maples alleges nine counts against the City of Albuquerque pursuant to the New Mexico Tort Claims Act, N.M.S.A. 1978, §§ 41-4-1 to -30, and 42 U.S.C. § 1983.  See Complaint ¶¶ 22-27, at 4-11.

On February 27, 2013, the Defendants filed their Motion in Limine, moving the Court, pursuant to rules 401, 402 and 403 of the Federal Rules of Evidence, to exclude evidence that "Maples' arrest and detention was justified by an alleged violation of [N.M.S.A. 1978,] §

30-22-1." Motion in Limine at 1. Maples states that he anticipates the Defendants to argue that Maples' arrest and detention were lawful based on his resisting arrest pursuant to § 30-22-1. See Motion in Limine at 1. Maples asserts that, "as a matter of law, he did not resist arrest under New Mexico law because the officers did not have probable cause to believe that a violation of § 30-22-1 had occurred." Motion in Limine at 1. Maples asserts that § 30-22-1 "does not criminalize resistance to an unlawful detention or the turning of one's back on an officer who is acting outside of his lawful authority." Motion in Limine at 2 (citing State v. Frazier, 88 N.M. 103, 105, 537 P.2d 711, 713 (Ct. App. 1975)). Maples relies on State v. Prince, 126 N.M. 547, 972 P.2d 859 (1998), in which he asserts that the Supreme Court of New Mexico "held that it is unlawful for officers to detain a person who is not suspected of engaging in any criminal activity," to provide support that he was not resisting arrest. Motion in Limine at 2. Maples also refers the Court to Florida v. Royer, 560 U.S. 491 (1983), asserting that the Supreme Court of the United States noted "that when a police officer approaches a person without justification, 'the person approached . . . need not answer any questions put to him; indeed, he may decline to listen to the questions at all and may go on his way.'" Motion in Limine at 3 (quoting Florida v. Royer, 460 U.S. at 498). Maples asserts that both the Supreme Court of New Mexico and the United States Court of Appeals for the Tenth Circuit have required an officer to have "probable cause or reasonable suspicion of a crime prior to the flight in order to arrest a person for flight or evasion." Motion in Limine at 3 (citing State v. Gutierrez, 2007-NMSC-033, 142 N.M. 1, 162 P.3d 156; Romero v. Story, 672 F.3d 880, 889 (10th Cir. 2012)). Maples argues: "The precedent is clear: the facts of this case do not allow Defendants to argue that Plaintiff was violating NMSA 1978, § 30-22-1 and, consequently, testimony that Plaintiff's actions constituted resisting arrest prejudice

plaintiff and confuse the jury." Motion in Limine at 4. He contends that rules 402 and 403 counsel excluding the evidence from trial, because "[i]n this case, there can be no proper purpose in eliciting testimony that Plaintiff was violating a statute that he could not, as a matter of law, have been violating." Motion in Limine at 4-5.

On March 4, 2013, the Defendants filed their Defendants' Response to Plaintiff's Motion in Limine No. 1: Exclusion of Testimony and Evidence that Claims Plaintiff Violated NMSA § 30-22-1. Doc 45 ("MIL Response"). The Defendants assert that Maples' Motion in Limine, by contending that the officers were not in lawful discharge of their duties in arresting or detaining him, without citing factual support from this case, "improperly seeks a ruling from this Court that the Defendant officers' conduct was unlawful." MIL Response at 2. The Defendants argue that Maples' argument "fails at its outset," as it pre-supposes that the initial contact was consensual, disregarding that police were dispatched to 1111 Major, because S. Lane called 911. MIL Response at 2. The Defendants assert that S. Lane's 911 call provided the officers with lawful authority and reasonable articulable suspicion of criminal activity to conduct an investigatory stop of Maples. See MIL Response at 2. The Defendants contend that, because the 911 call provided them reasonable suspicion for an investigatory stop, his attempt to flee provided them with probable cause to arrest and detain him pursuant to § 30-22-1, and evidence about § 30-22-1 is thus relevant and admissible. See MIL Response at 2. The Defendants argue that the officers were "attempting to detain Plaintiff to investigate the substance of the 911 call when Plaintiff fled from them." MIL Response at 4. They assert that, "[a]t the time Officer Vollmer made contact with Plaintiff, Plaintiff ran from Officer Vollmer, thereby giving Officer Vollmer probable cause to believe Plaintiff had committed the offense of resisting a peace officer in lawful discharge of his

duties." MIL Response at 4-5 (citing N.M.S.A. 1978, § 30-22-1). The Defendants contend that, because an issue in this case is whether the officers' arrest of Maples or their use of force on him was unconstitutional, and because determination of that issue depends on whether their actions were reasonable under the circumstances, Maples' violation of § 30-22-1 makes up part of those circumstances, and is thus relevant and highly probative of his claims. See MIL Response at 5-6. The Defendants assert:

> Evidence of Plaintiff's flight in the face of the Defendant officers' lawful attempts to detain him for investigative purposes is relevant to Defendants' defenses to Plaintiff's claims of false arrest, false imprisonment, assault, battery and excessive force. It cannot be considered confusing to the jury for the Defendant officers to present evidence concerning their actions and the basis for them, contrary to Plaintiff's assertion. Nor would such evidence be prejudicial; in this case, it was Plaintiff's own actions that dictated the officers' reactions.

MIL Response at 6-7.

At the hearing, the Court asked Maples whether the Defendants' belief that § 30-22-1 gave them probable cause is essential to his wrongful arrest claim, as one of the issues the jury is going to have to decide in the case is "whether it was proper for the[] [officers] to arrest him or charge him with unlawful arrest or resisting arrest." Transcript of Hearing at 3:9-17 (taken Mar. 5, 2013)(Court)("Tr.").[1] Maples responded that "[w]hat's important in this request is that the defendants be precluded from arguing that the plaintiff violated the resisting arrest statute." Tr. at 3:20-21 (Martinez). He stated that he does not otherwise oppose the officers contending that Maples was resisting arrest as long as they do not mention the statute. See Tr. at 3:21-25 (Martinez). In response to the Court's inquiry why Maples contends that the Court should not allow the officers to rebut Maples' allegation that they lacked probable cause to arrest him, Maples

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcripts may contain slightly different page and/or line numbers.

responded that he is fine with the officers asserting that they had probable cause; he believes only that the Court should not allow the officers to assert that the probable cause stems from Maples' violation of § 30-22-1.  See Tr. at 4:1-11 (Court, Martinez).  The Court asked Maples whether the issue for him then is "a matter of wording," to which Maples responded: "Yes."  Tr. at 4:12-13 (Court, Martinez).  The Court asked the Defendants whether they would agree to refrain from mentioning any possible violation of § 30-22-1 in asserting that they had probable cause to arrest Maples.  See Tr. at 4:14-23 (Court).  The Defendants responded that they would agree to testify about their belief that Maples' failure to speak to them gave them probable cause while omitting referring to § 30-22-1 explicitly.  See Tr. at 4:24-5:9 (Dalton, Court).

## LAW REGARDING UNLAWFUL ARREST

"A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause." Olsen v. Layton Hills Mall, 312 F.3d 1304, 1312 (10th Cir. 2002)(citing Tennessee v. Garner, 471 U.S. 1, 7 (1985)).  "The law . . . is unambiguous: a government official must have probable cause to arrest an individual."  Cortez v. McCauley, 478 F.3d 1108, 1117 (10th Cir. 2007)(citing Tennessee v. Garner, 471 U.S. 1, 7 (1985)).  See Michigan v. DeFillippo, 443 U.S. 31, 36 (1979)("[T]he Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense."). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she had reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."  Keylon v. City of Albuquerque, 535 F.3d 1210, 1216 (10th Cir. 2008)(quoting Romero v. Fay, 45 F.3d 1472, 1476

(10th Cir. 1995)).  The Supreme Court of the United States has stated that the existence of probable cause for an arrest depends on whether, based on historical facts leading up to the arrest, an objectively reasonable police officer would find probable cause:

> The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause. The first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact: "[T]he historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the [relevant] statutory [or constitutional] standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated."

Ornelas v. United States, 517 U.S. 690, 696-97 (1996)(quoting Pullman–Standard v. Swint, 456 U.S. 273, 289 n.19 (1982))(alterations in original).

## ANALYSIS

At the hearing, Maples clarified that his Motion in Limine to exclude evidence of Maples' possible violation of N.M.S.A. 1978, § 30-22-1 is primarily a matter of wording: he does not oppose the officers' explanation why they believed probable cause existed absent mention of any possible violation of § 30-22-1.  See Tr. at 4:5-24 (Court, Martinez).  The parties agreed at the hearing that, although the Defendants could "systematically" explain why they believed they had probable cause to arrest Maples at 1111 Major when they did so, they will explain their belief that probable cause existed without mention of Maples' possible violation of N.M.S.A. 1978, § 30-22-1.  Tr. at 5:4-19 (Dalton, Court, Martinez).  Accordingly, pursuant to the parties' agreement at the hearing, the Court will grant in part the motion and exclude specific mention of § 30-22-1 from trial, and will deny in part the motion and allow the Defendants to explain why they believed they had probable cause to arrest Maples at the scene of the incident.

**IT IS ORDERED** that the Plaintiff's Motion in Limine No. 1: Exclusion of Testimony and Evidence that Claims Plaintiff Violated NMSA § 30-22-1, filed February 27, 2013 (Doc. 32), is granted in part and denied in part.  The Court will exclude specific mention of § 30-22-1 from trial, but will allow the Defendants to explain why they believed they had probable cause to arrest Maples at the scene of the incident.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

*Counsel:*

Anna C. Martinez
Albert L. Hutchinson, Jr.
Aequitas Law, LLC
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

David Tourek
   City Attorney
Stephanie M. Griffin
Kristin J. Dalton
   Assistant City Attorneys
City of Albuquerque
Albuquerque, New Mexico

      *Attorneys for the Defendants*