## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUSTIN MAPLES,

        Plaintiff,

v.                                No. CIV 12-0294 JB/RHS

MATTHEW VOLLMER,
an Officer of the Albuquerque
Police Department, Individually,

DAVID FOX, an Officer of the Albuquerque
Police Department, Individually,

CITY OF ALBUQUERQUE,
a municipality organized under the
laws of the State of New Mexico,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) the Plaintiff's Motion in Limine No. 2: Prohibit Testimony or Evidence Regarding Defendant Police Officers' Good Character, Award or 'Life in Jeopardy' Claims, filed February 27, 2013 (Doc. 33)("Motion in Limine No. 2"); (ii) the Plaintiff's Motion in Limine No. 5: To Allow Direct Examination Through Leading Questions, filed February 28, 2013 (Doc. 36)("Motion in Limine No. 5"); and (iii) the Plaintiff's Motion in Limine No. 6: Prohibit Testimony or Evidence Regarding the Possible Effect of a Jury Verdict upon Defendants' Future Careers, filed February 28, 2013 (Doc. 37)("Motion in Limine No. 6"). The Court held a hearing on March 5, 2013.   The primary issues are: (i) whether the Court should preclude the Defendants from disclosing to the jury evidence regarding awards or accolades that Defendants Matthew Vollmer and David Fox have received as police officers; (ii) whether the Court should allow the Plaintiff Justin Maples to use leading questions during his direct

examination of the witnesses that he intends to call during his case-in-chief who are the Defendant City of Albuquerque's agents or employees; and (iii) whether the Court should preclude the Defendants and their witnesses from disclosing evidence about any possible effect that a verdict in this case for Maples will have on their future careers.   Because the parties reached a stipulation on each of these motions at the hearing, the Court will grant in part and deny in part the Motions in Limine.

## ANALYSIS

At the hearing, the Court asked whether the parties would agree that the officers could testify about their current positions at the Albuquerque Police Department, and that they could testify that domestic violence or suicide-risk telephone calls are some of the most dangerous calls to which they respond, but that they must not tell the jury "about any awards that they received or testifying about putting their lives at risk," although they may argue about the danger of police work in closing arguments.   Transcript of Hearing at 5:22-6:12 (taken Mar. 5, 2013)(Court) ("Tr.").[1]   The parties responded that they agreed to the course of evidence the Court proposed. See Tr. at 6:13, 6:15 (Dalton, Martinez)("Yes, Your Honor").   Accordingly, the Court will grant in part the motion and deny in part Motion in Limine No. 2.

Regarding Motion in Limine No. 5, the Court asked if the parties were in agreement that Maples can use leading questions on his direct examination of Vollmer and Fox, and asked Maples if there is any other witness he intends to call with whom he would like to use leading questions. See Tr. at 28:12-13 (Court).   Maples responded that he may seek to use leading questions if he calls Albuquerque Police Department Officer Sanchez, but will try to examine him without using

---

[1]   The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.   Any final transcripts may contain slightly different page and/or line numbers.

leading questions first.  If the examination comes to a point at which he needs to use leading questions to properly elicit Sanchez' testimony, then he will ask the Court for its permission to do so.  <u>See</u> Tr. at 28:16-18 (Martinez).  The Court asked the Defendants whether they agree to Maples' intended course for the examinations, to which they responded that they did agree Maples can lead the Defendants, but with any other witness should first proceed using open-ended questions.  <u>See</u> Tr. at 29:3 (Dalton).   The Court will thus grant in part and deny in part Motion in Limine No. 5.

As to Motion in Limine No. 6, the Court noted that the Defendants did not file a response opposing the motion, and asked whether that meant that they do not oppose the motion.  <u>See</u> Tr. at 29:4-8 (Court).  The Defendants responded: "Yes Your Honor we don't contest that motion." Tr. at 29:8-9 (Dalton).   The Court, therefore, will grant Motion in Limine No. 6.

**IT IS ORDERED** that: (i) the Plaintiff's Motion in Limine No. 2: Prohibit Testimony or Evidence Regarding Defendant Police Officers' Good Character, Award or 'Life in Jeopardy' Claims, filed February 27, 2013 (Doc. 33), is granted in part and denied in part; (ii) the Plaintiff's Motion in Limine No. 5: To Allow Direct Examination Through Leading Questions, filed February 28, 2013 (Doc. 36), is granted in part and denied in part; and (iii) the Plaintiff's Motion in Limine No. 6: Prohibit Testimony or Evidence Regarding the Possible Effect of a Jury Verdict upon Defendants' Future Careers, filed February 28, 2013 (Doc. 37), is granted.   The Defendants Matthew Vollmer and David Fox cannot testify about any awards that they received or about putting their lives at risk, although they may argue about the danger of police work in closing arguments.   Vollmer and Fox also cannot testify about the possible effect of a jury verdict on their future careers.   The Plaintiffs can use leading questions on direct examination of Vollmer and

Fox, but if they call as a witness Albuquerque Police Department Officer Sanchez, they must first try to conduct the questioning without leading him.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Anna C. Martinez
Albert L. Hutchinson, Jr.
Aequitas Law, LLC
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

David Tourek
   City Attorney
Stephanie M. Griffin
Kristin J. Dalton
    Assistant City Attorneys
City of Albuquerque
Albuquerque, New Mexico

    *Attorneys for the Defendants*

-4-